IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DUSTIN MIDDENDORF, # B-85556, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 17-cv-910-JPG |
| ) | |
| SGT. NICHOLS, ) | |
| ) | |
| Defendant. ) | |

# MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff, currently incarcerated at Sheridan Correctional Center ("Sheridan"), has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. His claims arose while he was detained at the St. Clair County Jail ("the Jail"). Plaintiff filed this case on May 22, 2017, as *Middendorf v. McLaurn*, Case No. 17-cv-538-JPG. After conducting a preliminary review of Plaintiff's claims in that action, the Court severed 3 of the claims into separate cases pursuant to *George v. Smith*, 507 F.3d 605 (7th Cir. 2007) (unrelated claims against different defendants belong in separate lawsuits). (Doc. 1). The instant case contains the severed Count 3, which the Court described as follows:

> **Count 3 -** Sergeant Nichols denied Plaintiff access to the courts when he refused to let Plaintiff visit the Jail's law library to conduct research on a pending criminal case and other civil matters from January until April 2017.

This case is now before the Court for a preliminary review pursuant to 28 U.S.C. § 1915A of the portion of Plaintiff's Complaint that relates to Count 3 above.

Under § 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). The Court must dismiss any portion of the

1

complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that "no reasonable person could suppose to have any merit." *Lee v. Clinton*, 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id.* at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id.* At the same time, however, the factual allegations of a pro se complaint are to be liberally construed. *See Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011); *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Applying these standards, the Court concludes that this claim is subject to summary dismissal. However, Plaintiff shall be allowed an opportunity to submit an amended complaint in order to re-plead the claim in Count 3.

**The Complaint (Doc. 2)**

Plaintiff was confined at the Jail as a pretrial detainee from October 2016 until mid-August 2017, when he was transferred to Sheridan. (Doc. 2, p. 10; Doc. 2-1, p. 1; *see also* Doc. 8 in Case No. 17-538-JPG). In the section of the Complaint that relates to Count 3, Plaintiff claims that he was "denied access to the courts via the law library" from January until April 2017. (Doc. 2, p. 8). Over that four-month period, Plaintiff requested permission to visit the law library. *Id*. He states that during that time, he was preparing for his criminal trial and was also attempting to research "civil issues." *Id*.

According to the Complaint, Sergeant Nichols returned Plaintiff's written "captain complaint[s]" without taking any action on them, and told Plaintiff he had no right to visit the law library. (Doc. 2, p. 8). Plaintiff attaches 2 written complaints directed to Nichols regarding law library access, both dated March 12, 2017. In one complaint, Plaintiff states that his housing unit (Block AB) has been denied access to the law library for 4 weeks. (Doc. 2-1, p. 2). In the other, Plaintiff references a conversation with Nichols in which Nichols told Plaintiff that he did not have a right to the law library; Plaintiff responded to Nichols by citing case law affirming that pretrial detainees indeed do have that right. (Doc. 2-1, p. 1). Plaintiff submitted numerous complaints to "C.O. Supervisors but received no help." (Doc. 2, p. 8).

Plaintiff seeks monetary damages for the violation of his rights. (Doc. 2, p. 10).

**Merits Review Pursuant to 28 U.S.C. § 1915A**

For clarity, the Court shall continue to refer to the access-to-courts claim against Sgt. Nichols as **Count 3**. As noted above, this claim shall be dismissed without prejudice for failure to state a claim upon which relief may be granted.

Prisoners have a fundamental right of meaningful access to the courts. *Bounds v. Smith*,

430 U.S. 817 (1977). However, "the mere denial of access to a prison law library or to other legal materials is not itself a violation of a prisoner's rights; his right is to access *the courts*, and only if the defendants' conduct prejudices a potentially meritorious challenge to the prisoner's conviction, sentence, or conditions of confinement has this right been infringed." *Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006). A prisoner's complaint must "spell out, in minimal detail, the connection between the alleged denial of access to legal materials and an inability to pursue a legitimate challenge to a conviction, sentence, or prison conditions." *Id.* An inmate has no constitutional claim unless he can demonstrate that a non-frivolous legal claim has been frustrated or impeded. *Lewis v. Casey*, 518 U.S. 343, 352-53 (1996).

The Seventh Circuit uses a two-part test to decide if jail or prison administrators have violated the right of access to the courts. *Lehn v. Holmes*, 364 F.3d 862, 868 (7th Cir. 2004). First, the prisoner must show that officials failed "to assist in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Jenkins v. Lane,* 977 F.2d 266, 268 (7th Cir. 1992) (quoting *Bounds v. Smith*, 430 U.S. 817, 828 (1977)). Second, he must be able to show "some quantum of detriment caused by the challenged conduct of state officials resulting in the interruption and/or delay of plaintiff's pending or contemplated litigation." *Alston v. DeBruyn*, 13 F.3d 1036, 1041 (7th Cir. 1994); *see also Lehn*, 364 F. 3d at 868. Delay alone does not establish a viable claim, however. Regardless of the length of an alleged delay, a prisoner must show actual substantial prejudice to specific litigation. *Kincaid v. Vail*, 969 F.2d 594, 603 (7th Cir. 1992), *cert. denied*, 506 U.S. 1062 (1993).

To state a claim, a plaintiff must explain "the connection between the alleged denial of access to legal materials and an inability to pursue a legitimate challenge to a conviction,

430 U.S. 817 (1977). However, "the mere denial of access to a prison law library or to other legal materials is not itself a violation of a prisoner's rights; his right is to access *the courts*, and only if the defendants' conduct prejudices a potentially meritorious challenge to the prisoner's conviction, sentence, or conditions of confinement has this right been infringed." *Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006). A prisoner's complaint must "spell out, in minimal detail, the connection between the alleged denial of access to legal materials and an inability to pursue a legitimate challenge to a conviction, sentence, or prison conditions." *Id.* An inmate has no constitutional claim unless he can demonstrate that a non-frivolous legal claim has been frustrated or impeded. *Lewis v. Casey*, 518 U.S. 343, 352-53 (1996).

The Seventh Circuit uses a two-part test to decide if jail or prison administrators have violated the right of access to the courts. *Lehn v. Holmes*, 364 F.3d 862, 868 (7th Cir. 2004). First, the prisoner must show that officials failed "to assist in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Jenkins v. Lane,* 977 F.2d 266, 268 (7th Cir. 1992) (quoting *Bounds v. Smith*, 430 U.S. 817, 828 (1977)). Second, he must be able to show "some quantum of detriment caused by the challenged conduct of state officials resulting in the interruption and/or delay of plaintiff's pending or contemplated litigation." *Alston v. DeBruyn*, 13 F.3d 1036, 1041 (7th Cir. 1994); *see also Lehn*, 364 F. 3d at 868. Delay alone does not establish a viable claim, however. Regardless of the length of an alleged delay, a prisoner must show actual substantial prejudice to specific litigation. *Kincaid v. Vail*, 969 F.2d 594, 603 (7th Cir. 1992), *cert. denied*, 506 U.S. 1062 (1993).

To state a claim, a plaintiff must explain "the connection between the alleged denial of access to legal materials and an inability to pursue a legitimate challenge to a conviction,

sentence, or prison conditions," *Ortiz v. Downey*, 561 F.3d 664, 671 (7th Cir. 2009) (internal quotation and citation omitted); *accord Guajardo Palma v. Martinson*, 622 F.3d 801, 805-06 (7th Cir. 2010). This requires Plaintiff to identify the underlying claim that was lost. *See Christopher v. Harbury*, 536 U.S. 403, 416 (2002); *Steidl v. Fermon*, 494 F.3d 623, 633 (7th Cir. 2007).

In Plaintiff's case, he has alleged that he was denied access to the Jail's law library for a 4-month period. This deprivation satisfies the first part of an access-to-courts claim. As to the second part, the showing of a detriment to specific litigation, Plaintiff states that he needed to use the law library to prepare for his criminal prosecution that was still ongoing at that time. He was also attempting to research a civil matter, the nature of which he does not disclose. Plaintiff does not explain, however, how his defense to his pending criminal charges was prejudiced by his inability to access the law library. He cannot sustain a claim for denial of access to the courts regarding the criminal case unless he can identify a detriment to his case that resulted from the denial of law library time.

Likewise, as to Plaintiff's civil matter, he must provide the Court with a description of the civil case he wished to bring. In addition, he must explain how the library denial was detrimental to his ability to bring that civil claim in court. Because Plaintiff did not include any of this information regarding his civil claim, the Complaint also fails to state a claim upon which relief may be granted as to the civil matter.

For these reasons, **Count 3** shall be dismissed without prejudice for failure to state a claim upon which relief may be granted. However, Plaintiff shall be allowed an opportunity to submit an amended complaint, to expand on the factual basis for his access-to-courts claim. If the amended complaint still fails to state a viable claim, or if Plaintiff does not submit an

amended complaint, the entire case shall be dismissed with prejudice, and the dismissal shall count as a strike pursuant to § 1915(g). The amended complaint shall be subject to review under § 1915A.

**Disposition**

**COUNT 3** is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that, should he wish to proceed with this case, Plaintiff shall file his First Amended Complaint within 28 days of the entry of this order (**on or before November 1, 2017**). It is strongly recommended that Plaintiff use the form designed for use in this District for civil rights actions. He should label the pleading "First Amended Complaint" and include Case Number 17-cv-910-JPG. The amended complaint shall be limited to the claim designated as **COUNT 3** above for denial of access to the law library and the courts.

In the amended complaint, Plaintiff should attempt to include the facts of his case in chronological order, inserting the Defendant's name (and any others) where necessary to identify the actors and the dates of any material acts or omissions. Because Plaintiff's claim has two parts – access to the library and courts related to his criminal case, and access in order to bring a potential civil case, the Court encourages Plaintiff to include specific facts as they relate to each of these legal matters.

An amended complaint supersedes and replaces all prior complaints, rendering them void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n.1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original Complaint. Thus, the First Amended Complaint must contain all the relevant allegations in support of Plaintiff's claim and must stand on its own, without reference to any other pleading. Plaintiff must also re-file any

exhibits he wishes the Court to consider along with the First Amended Complaint.

Should Plaintiff fail to file his First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the action shall be dismissed with prejudice. FED. R. CIV. P. 41(b). *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915A. Such dismissal shall count as one of Plaintiff's three allotted "strikes" within the meaning of 28 U.S.C. § 1915(g).

No service shall be ordered on any Defendant until after the Court completes its § 1915A review of the First Amended Complaint.

In order to assist Plaintiff in preparing his amended complaint, the Clerk is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time this case was severed from the original action, thus the filing fee of $350.00 remains due and payable, regardless of whether Plaintiff elects to file a First Amended Complaint. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action

for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: October 3, 2017**

                *s/J. Phil Gilbert*
                United States District Judge