# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DUSTIN MIDDENDORF, # B-85556,** | ) |
| **Plaintiff,** | ) ) ) |
| vs. | ) ) Case No. 17-cv-910-JPG |
| **SGT. NICHOLS,** | ) ) ) |
| **Defendant.** | ) ) |

# MEMORANDUM AND ORDER

**GILBERT, District Judge:**

This matter is before the Court for a merits review of Plaintiff's First Amended Complaint (Doc. 7) pursuant to 28 U.S.C. § 1915A. Plaintiff is a state prisoner currently incarcerated at the Illinois River Correctional Center. His claim arose while he was detained at the St. Clair County Jail ("the Jail"). The instant case contains Count 3 for denial of access to the courts, which was originally included in *Middendorf v. McLaurn, et al.*, Case No. 17-cv-538-JPG (S.D. Ill., filed May 22, 2017), and was severed into this case on August 25, 2017. (Doc. 1).

Plaintiff filed the First Amended Complaint at the direction of the Court, after Count 3 of the original Complaint was dismissed under § 1915A for failure to state a claim upon which relief may be granted. (Doc. 6). Count 3 was described as follows in the original screening order (Doc. 1):

> **Count 3 -** Sergeant Nichols denied Plaintiff access to the courts when he refused to let Plaintiff visit the Jail's law library to conduct research on a pending criminal case and other civil matters from January until April 2017.

Under 28 U.S.C. § 1915A, the Court is required to screen prisoner complaints, and to dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim

1

upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief.

After carefully reviewing the First Amended Complaint (Doc. 7), the Court concludes that this claim, and the entire action, is subject to summary dismissal pursuant to § 1915A.

## **The First Amended Complaint (Doc. 7)**

Plaintiff's statement of claim in the First Amended Complaint consists of a single paragraph, set forth below in its entirety:

> From January 2017-April 2017 I was denied access to the law library. During this time frame I was trying to prepare for my trial on my criminal case. I wrote a complaint and Sgt. Nichols told me it wasn't a right to have access to the law library and gave me back my complaint without filing it.

(Doc. 7, p. 5). Notably, Plaintiff omits any reference to the civil matter that he allegedly wanted to pursue in the law library, which he included in Count 3 in the original Complaint. Because the civil matter is not included in Plaintiff's statement of claim in the First Amended Complaint, the Court concludes that he has abandoned that portion of his claim.

Plaintiff attaches copies of 3 documents he had directed to Nichols, in which he protested the denial of access to the law library and presented case law confirming that inmates have such access. (Doc. 1, pp. 7-9).

Plaintiff seeks compensatory and punitive damages against Nichols. (Doc. 1, p. 6).

## **Merits Review Pursuant to 28 U.S.C. § 1915A**

As the Court explained in the order dismissing the original Complaint and Count 3 (Doc. 6), Plaintiff is correct in his assertion that prisoners have a fundamental right of meaningful access to the courts. *Bounds v. Smith*, 430 U.S. 817 (1977). However, merely stating that he was denied access to the law library is not enough to state a viable constitutional claim. The right at issue here is the right to access the *courts*. No claim is stated unless the complaint

indicates that the library denial has prejudiced "a potentially meritorious challenge to the prisoner's conviction, sentence, or conditions of confinement." *Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006). A prisoner's complaint must "spell out, in minimal detail, the connection between the alleged denial of access to legal materials and an inability to pursue a legitimate challenge to a conviction, sentence, or prison conditions." *Id.* An inmate has no constitutional claim unless he can demonstrate that a non-frivolous legal claim has been frustrated or impeded. *Lewis v. Casey*, 518 U.S. 343, 352-53 (1996).

Plaintiff has met the first element of an access-to-courts claim – he has alleged that Nichols prevented him from accessing the law library. *See Lehn v. Holmes*, 364 F.3d 862, 868 (7th Cir. 2004); *Jenkins v. Lane,* 977 F.2d 266, 268 (7th Cir. 1992). However, as this Court explained in the original merits order (Doc. 6), in order to satisfy the second element of a claim for denial of access to the courts, Plaintiff must be able to show "some quantum of detriment caused by the challenged conduct of state officials resulting in the interruption and/or delay of plaintiff's pending or contemplated litigation." *Alston v. DeBruyn*, 13 F.3d 1036, 1041 (7th Cir. 1994); *see also Lehn*, 364 F. 3d at 868. No claim is stated unless a prisoner can show actual substantial prejudice to specific litigation. *Kincaid v. Vail*, 969 F.2d 594, 603 (7th Cir. 1992), *cert. denied*, 506 U.S. 1062 (1993). A complaint must explain "the connection between the alleged denial of access to legal materials and an inability to pursue a legitimate challenge to a conviction, sentence, or prison conditions," *Ortiz v. Downey*, 561 F.3d 664, 671 (7th Cir. 2009) (internal quotation and citation omitted); *accord Guajardo Palma v. Martinson*, 622 F.3d 801, 805-06 (7th Cir. 2010).

Plaintiff's original claim in Count 3 was dismissed on October 4, 2017, because he failed to present any information to indicate that his ability to mount a defense to his pending criminal

charges was harmed or prejudiced by the denial of access to the law library. The First Amended Complaint suffers from the identical flaw. Plaintiff includes no information whatsoever to suggest that he suffered any actual detriment in presenting a defense to his criminal case, on account of Nichols' refusal to permit him to use the law library at the St. Clair County Jail. For this reason, the First Amended Complaint fails to state a claim upon which relief may be granted.

Plaintiff was warned in the order dismissing the original Count 3 that if his First Amended Complaint failed to state a viable claim, this entire case would be dismissed with prejudice. (Doc. 6). He was further advised that such a dismissal would count as a strike pursuant to § 1915(g). This case shall be disposed of accordingly.

## Disposition

**IT IS HEREBY ORDERED** that Plaintiff's First Amended Complaint, consisting of **COUNT 3** for denial of access to the courts, is **DISMISSED** with prejudice for failure to state a claim upon which relief may be granted. For the same reason, this entire action is **DISMISSED** with prejudice.

All pending motions are **DENIED AS MOOT.**

Plaintiff is **ADVISED** that this dismissal shall count as one of his 3 allotted "strikes" under the provisions of 28 U.S.C. § 1915(g). Furthermore, because Plaintiff has previously incurred 2 other strikes[1] when his cases were dismissed pursuant to § 1915A for failure to state a claim upon which relief may be granted, the dismissal of this action gives him his third strike. Accordingly, if Plaintiff seeks to file any future civil action or appeal a judgment *while he is a prisoner*, he will no longer be eligible to pay a filing fee in installments using the *in forma pauperis* provisions of § 1915(a) and (b), unless he can establish that he is "under imminent

---

[1] *Middendorf v. St. Clair Co. Medical Staff*, Case No. 17-cv-538-JPG (S.D. Ill., dismissed Oct. 4, 2017) (strike 1); and *Middendorf v. Smith, et al.*, Case No. 17-cv-908-JPG (S.D. Ill., dismissed December 1, 2017) (strike 2).

danger of serious physical injury." 28 U.S.C. § 1915(g). If Plaintiff cannot make the necessary showing of imminent physical danger, he shall be required to pre-pay the full filing fee for any future lawsuit or appeal he may file while incarcerated, or face dismissal of the action.

Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If Plaintiff wishes to appeal this dismissal, his notice of appeal must be filed with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). Moreover, because Plaintiff has "struck out" and has not shown that he is in imminent danger of serious physical injury, this Court will not grant him permission to proceed *in forma pauperis* on appeal. Finally, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

The Clerk shall **CLOSE THIS CASE** and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: February 1, 2018**

                                                s/J. Phil Gilbert
                                                United States District Judge